Amy M. Wilkins (SBN 022762)
Adam P. Boyd (SBN 032846)
The Wilkins Law Firm, PLLC
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
Tel:  602-795-0789
Email: awilkins@wilkinslaw.net
Email: aboyd@wilkinslaw.net

Elliot S. Isaac (013882)
ELLIOT S. ISAAC, P.C.
14820 North Cave Creek Road, #3
Phoenix, Arizona 85032
Tel: (602) 404-0099
Email: isaaclawyer@gmail.com

Attorneys for Plaintiffs Stephen A. Hill
and Joanna Hill

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen A. Hill and Joanna Hill,<br><br>     Plaintiffs,<br><br>v.<br><br>HD Supply Management, Inc., and HD Supply Facilities Maintenance, Ltd.,<br><br><br>     Defendants. | Case No. 2:19-CV-04930<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**<br><br>(The Hon. Steven P. Logan) |

Plaintiffs' Stephen A. Hill and Joanna Hill submit this response to Defendants HD Supply Management, Inc. and HD Supply Facilities Maintenance, Ltd.'s ("Defendants") Motion to Dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted. Plaintiffs' Complaint details sufficient facts to state the claims alleged; Defendants' motion to dismiss should be denied.

## **FACTUAL BACKGROUND**

This case arises out of Defendants' failure to pay wages and commissions owed to Plaintiff Stephen A. Hill. Mr. Hill worked for Defendants from July 2017 until April 2019 as a Sales Manager. (Doc. 28 at ¶ 6.) The complaint alleges that Mr. Hill was entitled to an annual salary of $91,468.50. (*Id*. ¶ 8.) In his offer letter, Defendants also agreed to pay Mr. Hill a monthly commission and bonus based on his achieving his quota. (*Id*. ¶ 8-9.) Mr. Hill has not alleged that he was not paid his salary; instead, his complaint arises out of unpaid commission and bonus. (*Id*. ¶¶ 10 and 15.)

Mr. Hill specifically alleged that he had a contractual expectation to receive commissions. (*Id*. ¶ 9.) He took the job with the understanding he would be paid based on meeting sales goals. Mr. Hill based his allegation on his history of receiving monthly bonuses and commissions and could even track his expected commissions in Defendants' software. He received fiscal 2018 sales goals with a high property improvement goal for the year; throughout 2018 and in January 2019, Mr. Hill was paid monthly and quarterly on the property improvement projects.[1] He was not paid his commission for February 2019. (Doc. 28¶ 15.)

While Mr. Hill has not alleged the existence of a written contract, he has alleged that an implied-in-fact contract existed with Defendants as part of his employment; that the Defendants breached that contract by failing to pay him his earned bonuses; that the Defendants breached the implied covenant of good faith and fear dealing by unilaterally altering the commission structure after Mr. Hill had earned his bonus; and in the alternative a claim for unjust enrichment because of these same acts. Mr. Hill also brought a claim for unpaid wages under A.R.S. § 23-350. Because Plaintiffs' claims are valid and well pled, Defendants' motion should be denied. In the alternative, this Court should grant leave to Plaintiffs to amend their complaint to allege additional facts to support their claims.

---

[1] Mr. Hill will plead these facts if necessary in an amended complaint.

## ARGUMENT

### I.  Plaintiffs' Breach of Contract Claim Is Properly Pled Because Plaintiffs Identified an Employment Relationship Between the Parties.

Defendants argue that Plaintiffs' breach of contract claim fails because Plaintiffs failed to allege the existence of a written contract between the parties and failed to attach a copy of the contract to the Complaint.  However, Arizona law does not require the existence of a written contract for a former employee to sue his former employer, nor does federal procedural law require a party to attach a contract to their complaint

The public policy of this state is that the employment relationship is contractual in nature, and that policy is so central to labor relationships in Arizona that it has been codified in A.R.S. § 23-1501.  Plaintiffs have alleged a valid, implied-in-fact contract between the parties. Oral representations, offer letters, and the employer's course of conduct may transform an at-will employment contract by adding implied-in-fact contract terms. *See Almada v. Allstate Ins. Co., Inc.*, 153 F.Supp.2d 1108 (D. Ariz. 2000); *Huey v. Honeywell*, 82 F.3d 327 (9th Cir. 1996)(; *Wagner v. City of Globe*, 150 Ariz. 82, 722 P.2d 250 (1986). Whether an implied-in-fact contract has been created is a question of fact. *Almada*, 153 F. Supp. 2d at 1111; *Wagenseller v. Scottsdale Memorial Hosp.*, 147 Ariz. 370, 710 P.2d 1025 (1985). Here, Plaintiffs alleged that Defendants' course of conduct and oral representations were that he would, and did, receive certain specific bonuses and commissions. Complaints need not contain "detailed factual allegations." *Julian v. Swift Transportation Co. of Arizona, LLC*, 2016 WL 11527094 (D. Arizona, May 31, 2016); *citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs have alleged Mr. Hill had a contractual expectation of a bonus/commission and that Defendants breached that promise. That is sufficient.

Moreover, there is no rule of procedure requiring a plaintiff to attach a copy of the contract to a complaint.. *See Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, 2005 WL 1712008, *2 (N.D. Cal. July 21, 2005) ("Federal law does not require Plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint."). That Plaintiff originally filed in state court does not change the analysis. *See Pitt Helicopters, Inc. v. AIG*

*Aviation, Inc*., 2007 WL 707528, *2 (E.D. Cal. Mar.6, 2007); *Daly v. United Healthcare Ins. Co.*, No. 10-CV-03032-LHK, 2010 WL 4510911, at *3 (N.D. Cal. Nov. 1, 2010).

Defendants might dispute an implied-in-fact contract existed, but Plaintiffs provided sufficient allegations that an implied-in-fact contract existed between the parties and, accordingly, have stated a valid cause of action recognized by Arizona courts. Therefore, Plaintiffs' breach of contract claim should survive Defendants' motion to dismiss.

**II.     Plaintiffs' Implied Covenant Claim Is Separate and Distinct From Their Breach of Contract Claim.**

Defendants' claim that because the Complaint does not identify a written contract, it fails to state sufficient facts to support Hill's claim for the breach of the covenant of good faith and fair dealing. Here, Plaintiffs' allegation that Defendants breached the covenant by unilaterally lowering and altering the commission/bonus structure and how Mr. Hill was to be paid for his property improvement projects is separate and distinct from Plaintiffs' allegation that Defendants breached the implied-in-fact contract between them by failing to pay him his wages.

The covenant of good faith and fair dealing is implied in every contract, including at-will employment contracts. *See Wagenseller*, 147 Ariz. at 385, 710 P.2d at 1040; *White v. AKDHC, LLC*, 664 F. Supp. 2d 1054, 1065 (D. Ariz. 2009). A viable claim for breach of the implied covenant may lie if a plaintiff alleges that conduct other than the termination itself breached the covenant. *Id.; Comeaux v. Brown & Williamson Tobacco Co.,* 915 F.2d 1264, 1272 (9th Cir. 1990). Here, Mr. Hill is alleging conduct other than the termination itself breached the covenant, specifically that Defendants unilaterally changed Mr. Hill's bonus structure after he had earned agreed-upon bonuses. These allegations are separate and distinct from Mr. Hill's breach of contract claim and are validly pled.

**III.    Plaintiffs' Unjust Enrichment Claim, Plead in the Alternative, Is Viable.**

Defendants claim that Plaintiffs' claim for unjust enrichment fails because he a) was paid a salary and b) had no expectation of receiving his commissions. Unjust enrichment is

a claim upon which a plaintiff may recover in quantum meruit for breach of an implied-in-law or quasi contract. "Contracts implied-in-law or quasi-contracts ... are inferred by the law as a matter of reason and justice from the acts and conduct of the parties and circumstances surrounding the transactions and are imposed for the purpose of bringing about justice without reference to the intention of the parties." *John A. Artukovich & Sons, Inc. v. Reliance Truck Co.,* 126 Ariz. 246, 248, 614 P.2d 327, 329 (1980) (citation omitted)).

> "Quantum meruit is a principal [sic] of equity based on the theory that if one performs work for another and such work is accepted by the other, nonpayment for such work would result in an unjust enrichment to the party benefited by the work." Recovery under *quantum meruit* may occur where the services are performed under an unenforceable contract or where services are rendered in the absence of a contract.

*Blue Ridge Sewer Imp. Dist. v. Lowry & Assocs., Inc.*, 149 Ariz. 373, 375, 718 P.2d 1026, 1028 (App. 1986) (internal quotations and citations omitted). Contrary to Defendants' assertion, Plaintiffs did allege that Mr. Hill was promised, entitled to, or expected receiving his bonus/commission. (Doc. 28 ¶¶ 8-9.) Mr. Hill also alleged that he was impoverished, and Defendants enriched, at the expense of Mr. Hill and his labor. (*Id.* at para. 32.) Defendants cite to no authority that would require the draconian pleading requirements Defendants ask this Court to require in their motion to dismiss. As Defendants note, Plaintiffs' quantum meruit/unjust enrichment arises out of the same nucleus of facts as Plaintiffs' contract claims and was simply pled as an alternative claim in the event no implied-in-fact contract existed between the parties.

Plaintiffs have pled factual allegations supporting a quantum meruit/unjust enrichment claim because he alleged he had an implied-in-fact employment contract with the Defendants, he performed labor, and he was not compensated according to the alleged contract and how he had been compensated. Therefore, Defendants were unjustly enriched and Plaintiffs impoverished. The claim should not be dismissed.

### IV.     Mr. Hill Had an Expectation in His Claimed Unpaid Wages.

Defendants argue Plaintiffs' unpaid wages claim fails because Mr. Hill did not reasonably expect receiving anything beyond what he actually received. As a practical matter, this argument fails because Mr. Hill would not have sued Defendants if he did not believe he was entitled to the wages he is seeking. Substantively, Mr. Hill in fact alleged he had a **contractual expectation** to the unpaid wages he is seeking. (Doc. 28 ¶ 22.) Again, Defendants seek to impose a pleading standard above and beyond what federal law requires.

Arizona courts have held that commissions and bonuses are "wages" under A.R.S. § 23-355. *Abrams v. Horizon Corp.*, 137 Ariz. 73 (1983); *Apache East, Inc. v. Wiegand*, 119 Ariz. 308, 311 (App. 1978). Whether the expectation for these wages was reasonable is a question of fact. *Id.* Here, Plaintiffs have unambiguously pled that Mr. Hill had not only a reasonable expectation, but a contractual expectation to those commissions and bonuses. This meets the pleading standards and the claim should survive Defendants' Motion to Dismiss.

### V.     Plaintiffs Have Met the *Twombly* and *Iqbal* Pleading Standards.

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The complaint need not contain "detailed factual allegations" but it must have more than a simple "the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a complaint will survive a motion to dismiss if it contains sufficient factual content such that a court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This inquiry requires a court "draw on its judicial experience and common sense." *Julian v. Swift Transp. Co. of Arizona, LLC*, CV-16-00576-PHX-ROS, 2016 WL 11527094, at *2 (D. Ariz. May 31, 2016). Here, Plaintiffs have alleged the existence of an implied-in-fact employment contract which provided that Mr. Hill was to receive certain commissions and bonuses

for his work. Defendants' argument that Plaintiffs' have not alleged "any facts" to support their claim is false.

It is easy to draw the inference based on Plaintiffs' complaint that a commission/bonus agreement structure existed between Defendants' and Mr. Hill. That Mr. Hill performed his job and expected to receive certain commissions and bonuses for his work and that Defendants then failed to pay him the wages he expected to earn. Under these facts, as pled by Plaintiffs, it is eminently plausible to deduce that Defendants are liable to Mr. Hill for his unpaid commissions and for breaching the implied-in-fact contract between the two parties. Plaintiffs have met their pleading standards under *Twomby* and *Iqbal*.

## VI. Plaintiffs Will Replead and Clarify Their Causes If Necessary.

Plaintiffs stand behind the arguments made above, and believe the Complaint alleges valid causes of action supported by sufficient facts, but will accept Defendants' alternative proposal of repleading and clarifying their causes of action should the Court disagree and find that Plaintiffs have not met their pleading burden. Should the Court dismiss the Complaint, Plaintiff requests leave to amend.

## CONCLUSION

Plaintiffs Second Amended Complaint is properly pled and asserts valid causes of action against Defendants with factual allegations that allow the Court to draw the reasonable inference that the Defendants are liable for the alleged misconduct. Defendants' motion to dismiss should be denied, or Plaintiffs should be allowed to amend their complaint.

RESPECTFULLY SUBMITTED this 4th day of November, 2019.

THE WILKINS LAW FIRM, PLLC

By:/s/ Amy M. Wilkins_____
Amy M. Wilkins

7

Adam P. Boyd
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012
Phone:  602-795-0789
Email: awilkins@wilkinslaw.net
          aboyd@wilkinslaw.net

ELLIOT S. ISAAC, P.C.
Elliot S. Isaac
14820 North Cave Creek Road, #3
Phoenix, AZ 85032
Phone: 602- 404-0099
Email:  isaaclawyer@gmail.com


*Attorneys for Plaintiff  Stephen A. Hill*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2019, I electronically transmitted the foregoing document to the Clerk of the U.S. District Court using the CM/ECF system for filing and service to all parties/counsel registered to receive copies in this case.

By /s/ Cheryl Hays
        Cheryl Hays