Shayna H. Balch, SBN 024852
Lori A. Guner, SBN 031646
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
sbalch@fisherphillips.com
lguner@fisherphillips.com

Attorneys for Defendants/Counterclaimant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Stephen A. Hill and Joanna Hill,<br><br>Plaintiffs,<br><br>v.<br><br>HD Supply Management, Inc., and HD Supply Facilities Maintenance, Ltd.,<br><br>Defendants. | No.: CV-19-04930-PHX-MHB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| HD Supply Facilities Maintenance, Ltd.,<br><br>Counterclaimant,<br><br>v.<br><br>Stephen A. Hill and Joanna Hill,<br><br>Counterdefendants. | |

Defendants HD Supply Management, Inc. and HD Facilities Maintenance, Ltd. (collectively, "Defendants"), by and through undersigned counsel, hereby submit their reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint. Alternatively, Defendants request an order compelling Plaintiffs Stephen A. Hill ("Hill")

FP 36552526.2

and Joanna Hill to provide a more definite statement of Plaintiffs' claims pursuant to FED. R. CIV. P. 12(e).

## I.      INTRODUCTION

In response to the Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion" at Doc. 29, Plaintiffs offer nothing more than conclusory statements and formulaic recitations of the elements of their causes of action. Plaintiffs also improperly rely on allegations that are not within their Second Amended Complaint (the "Complaint") at Doc. 28, in order to argue that sufficient facts exist to survive the Motion, apparently conceding the deficiencies in their Complaint. However, even if the Court were to consider these new allegations in deciding the Motion, the entire Complaint must still be dismissed with prejudice because Plaintiffs cannot plead the elements of any of their claims.

## II.     LEGAL ARGUMENT

As set forth in Defendants' opening Motion, Plaintiffs' Complaint fails to state any claim upon which relief may be granted because their claims are comprised of nothing more than vague conclusory allegations that are insufficient to state a claim.  The Supreme Court has held that a complaint cannot survive a motion to dismiss on the basis of conclusory allegations:

> ***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice***. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, *we* '*are not bound to accept as true a legal conclusion couched as a factual allegation*.'). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (emphasis added; internal citations omitted).

While the Federal Rules adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964. The Supreme Court has stated that **"[w]ithout**

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

2

FP 36552526.2

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

*some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests*.**" *Twombly*, 127 S. Ct. at 1964 n.3 (emphasis added). Thus, while a complaint does not need detailed factual allegations, **"*a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*."** *Twombly*, 127 S. Ct. at 1964-65 (emphasis added; internal quotations omitted).

Further, while the Court must construe the pleadings in the light most favorable to Plaintiffs and accept as true all material allegations in the complaint and any reasonable inferences to be drawn therefrom, courts **"*are not bound to accept as true a legal conclusion couched as a factual allegation*."** *Twombly*, 127 S. Ct. at 1964-65 (emphasis added; citations omitted). Likewise, even where a complaint contains some conclusory factual allegations, it may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if the factual allegations do not raise the "right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

In *Iqbal,* the Supreme Court reaffirmed these basic tenets and confirmed that they apply to "all civil actions." 129 S. Ct. at 1953. The Court reemphasized the pleading requirements enunciated in *Twombly*, highlighting the following three fundamental tenets:

1. A pleading offering only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8;

2. While Rule 8 does not require detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation …."; and

3. ***A complaint will not survive a motion to dismiss if it contains merely "naked assertions devoid of further factual enhancement."***

*Id.* at 1949 (emphasis added).

Here, as set forth in greater detail below, Plaintiffs' claims fall woefully short of the standards set forth in *Iqbal* and *Twombly* because they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1953.

3

**A.** **Plaintiffs' Breach Of Contract Claim (Count Two) And Breach Of The Implied Covenant Of Good Faith And Fair Dealing Claim (Count Three) Must Be Dismissed.**

"In a contract case, the burden of proof rests solely on the plaintiff." *Wells Fargo Bank, N.A. v. Allen*, 292 P.3d 195, 199 (Ariz. App. 2012). The plaintiff must establish: (1) the existence of a valid contract; (2) breach; and (3) damages. *Graham v. Ashbury*, 112 Ariz. 184, 185 (1975). In addition, a plaintiff must make a showing that there was "an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 43 F. Supp. 3d 965, 974 (D. Ariz. 2014) (internal quotation omitted) (overruled on other grounds); *see also Hisun Motors Corp., U.S.A. v. Auto. Testing & Dev. Services, Inc.*, CV11-1918-PHX-DGC, 2012 WL 682398, at *4 (D. Ariz. Mar. 2, 2012) (quotations and citation omitted).

Here, Plaintiffs' Complaint does not include any facts in support of contract formation, much less describe any alleged contract terms with "sufficient specification [ ] so that the obligations involved can be ascertained." Rather, the Complaint "formulaic[ally]" alleges that: "[a]s an Area Sales Manager, Mr. Hill was entitled to payment of … monthly commission and annual bonus based on achievement to quota." Doc. 28, ¶ 8. This is the sole factual allegation in support of Plaintiffs' breach of contract claim. The Complaint makes no reference to the date on which the offer was allegedly made, the name of the individual who extended the offer, the criteria for receiving monthly commissions and/or annual bonuses, any indication of how the commission and/or bonus would be calculated, what, if anything, Plaintiff Hill did to uphold his end of the bargain, any facts relating to the date on which any commission or bonus payment would be due, or any other facts relevant to formation of or the specific terms of the contract at issue.

In tacit recognition of the Complaint's deficiencies, Plaintiffs have now tried to cure the shortcomings of their Complaint by asserting entirely new allegations for the first

4

FP 36552526.2

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

time in their Response to Defendants' Motion to Dismiss. These newly raised allegations are summarized below.

- Plaintiff Stephen Hill ("Hill") "took the job with the understanding he would be paid based on meeting sales goals." Doc. 34 at 2:10-11.

- "Mr. Hill based his allegation on his history of receiving monthly bonuses and commissions and could even track his expected commissions in Defendants' software." Doc. 34 at 2:11-13.

- "[Hill] received fiscal 2018 sales goals with a high property improvement goal for the year; throughout 2018 and in January 2019, Mr. Hill was paid monthly and quarterly on the property improvement projects." Doc. 34 at 2:13-15.

To begin, the Court cannot consider these newly raised allegations in deciding Defendants' Motion to Dismiss. This is because in deciding a motion to dismiss a court can look no further than the four corners of the complaint. *See Ross v. Woolf*, CV-18-0307-TUC-BGM, 2019 WL 4169000, at \*2 (D. Ariz. Sept. 3, 2019) (*quoting Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'").

Notwithstanding the foregoing, even if the Court were to consider the above-referenced allegations (which it should not), Plaintiffs' claim would still be subject to dismissal. This is because the new allegations in Plaintiffs' Response still do not describe either the alleged contract formation or the terms of any purported contract with sufficient specificity so that the obligations involved can be ascertained. The newly raised allegations do not speak to: (1) whether an enforceable contract exists (i.e. whether there was an offer, acceptance and consideration); (2) what the specific terms of the purported agreement were (i.e. percentages of commissions and rates bonuses, dates on which

**FISHER & PHILLIPS LLP**
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

5

commissions and bonuses would be paid, and criteria for qualifying for commissions and bonuses); or (3) how Defendants allegedly breached the terms of the undefined contract. Plaintiffs' failure to plead such allegations is fatal to their claim.[1]

Plaintiffs' breach of the implied covenant of good faith and fair dealing claim similarly fails based on Plaintiffs' failure to plead sufficient facts in their Complaint in support of the claim. Plaintiffs' breach of covenant claim formulaically alleges the following: "Defendants breached this covenant of good faith and fair dealing by unilaterally altering the terms of the contract and reducing the amount of commissions paid to Mr. Hill." Doc. 28, ¶ 29. These allegations are precisely the type of vague, conclusory, and threadbare recital of the elements that are precluded by *Iqbal*. Moreover, because the Complaint fails to plead the existence of an enforceable contract (as set forth above), the breach of covenant claim necessarily fails as well. "While it is true that a covenant of good faith and fair dealing is implied in every contract, plaintiff must actually plead facts demonstrating the existence of the underlying contract" in order to establish a violation of the covenant of good faith and fair dealing. *Schwartz v. Chase Home Fin.*, LLC, CV 10-2120-PHX-FJM, 2010 WL 5151326, at *2 (D. Ariz. Dec. 13, 2010).

_____

[1] To the extent Plaintiffs' Response can be read as a belated attempt to argue the existence of an oral contract, Plaintiffs' claim similarly fails. In order to state a claim for breach of an oral contract a plaintiff must assert that the parties actually agreed to payment. *Hisun Motors Corp*, 2012 WL 682398, at *5; *see also Finney v. First Tennessee Bank*, CV-12-01249-PHX-JAT, 2013 WL 1897137, at *2–3 (D. Ariz. May 6, 2013). Further, dismissal of a claim for breach of oral contract is appropriate where there is no mention, suggestion, or implication of the existence of an oral contract. Id. (citing *Flex Homes, Inc. v. Ritz-Craft Corp. of Michigan*, 721 F.Supp.2d 663, 670-71 (N.D. Ohio 2010). Here, the Complaint does not allege any agreement to payment, or mention, suggest, or imply that an oral contract exists. The Complaint merely offers vague allegations that Hill "had a contractual expectation to receive commissions" (Doc. 28, ¶ 9; Doc. 34 at 9-10), that his "employment with Defendants was contractual in nature" (Doc. 28 at ¶ 21), and that he had an understanding that he would be paid a certain way (Doc. 34 at 10-11). Further, Plaintiffs' reliance on *Almada v. Allstate Co., Inc.,* 153 F. Supp. 2d 1108 (D. Ariz. 2000) and *Huey v. Honeywell*, 82 F.3d 327 (9th Cir. 1996) to support their argument that "[o]ral representations, offer letters, and the employer's course of conduct may transform an at-will employment contract by adding implied-in-fact contract terms" (Doc. 34 at 3:11-13) is misplaced. Those cases can easily be distinguished because they discuss the transformation of the at-will nature of an employment contract to one for cause.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 36552526.2

In light of the foregoing, Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing fall woefully short of the necessary pleading requirements. And even if Plaintiffs were permitted to plead the above-referenced new allegations in a *third* amended complaint, their claims would still fail. Thus, Plaintiffs' breach of contract and breach of covenant claims should be dismissed with prejudice.

### B. Plaintiffs' Claim For Unjust Enrichment/*Quantum Meruit* (Count Four) Must Be Dismissed.

The doctrine of unjust enrichment/*quantum meruit* is only applicable "when one party has and retains money or benefits that in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One, Arizona, NA*, 202 Ariz. 535, 541, ¶ 31, 48 P.3d 485, 491 (App. 2002), *as corrected* (June 19, 2002). In their claim for Unjust Enrichment/*Quantum Meruit*, Plaintiffs were required, at a minimum, to make allegations tending to demonstrate the existence of "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318, 283 P.3d 45, 49 (App. 2012). Once again, Plaintiffs have failed to meet their burden of alleging facts that state a claim that is plausible on its face.

Plaintiffs' claim is premised on the allegation that Hill is owed compensation over and above his $91,468.50 salary. Complaint ¶¶ 8-13, 15. There is no dispute that Hill received his salary. Indeed, Plaintiffs admit as much in their Response. (Doc. 34 at 2:6-9.) Rather, Plaintiffs allege that Hill was promised additional compensation in the form of unpaid commission and bonus (Doc. 34 at 2:7-9), despite the fact that Plaintiffs have yet to identify a commission or bonus plan, or the terms of any purported agreement that would entitle Hill to such payment.

Moreover, the Complaint contains no allegations that, if true, would tend to establish any of the elements of a claim for unjust enrichment or *quantum meruit*.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

7

FP 36552526.2

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

Plaintiffs' Unjust Enrichment/*Quantum Meruit* claim contains no allegation that Hill was impoverished, that there was a connection between any purported enrichment or impoverishment, an absence of justification for the enrichment and impoverishment, or the absence of a remedy provided by law. *See Wang Elec, Inc.*, 230 Ariz. at 318. Rather, the Complaint vaguely asserts that Hill is entitled to compensation pursuant to "a contractual expectation to receive commissions" (Doc. 28, ¶ 9). (Emphasis added.) Plaintiffs' Response doubles down on this assertion by claiming that "Plaintiffs' quantum meruit/unjust enrichment arises out of the same nucleus of facts as Plaintiffs' contract claims." (Doc. 34 at 19-23.). It is well established that there is no claim for unjust enrichment or *quantum meruit* when a valid contract exists. *See Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976) ("'A person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them the other should give in return.'") (*quoting* RESTATEMENT (FOURTH) OF RESTITUTION, § 107); *see also Blue Ridge Sewer Improvement Dist. v. Lowry and Assocs., Inc.*, 149 Ariz. 373, 375, 718 P.2d 1026,1028 (App. 1986). Accordingly, to the extent Plaintiffs are trying to premise their unjust enrichment/*quantum meruit* claim on a purported contractual agreement with Defendants, such a claim fails as a matter of law and must be dismissed.

### C.    Plaintiffs' Claim For Unpaid Wages (Count One) Fails.

Plaintiffs concede in the Response that Hill was paid his salary and acknowledge that they are seeking an alleged "unpaid commission and bonus." (Doc. 29 at 2:6-9.) The Response argues that the Unpaid Wages claim should not be dismissed because Hill "believed he was entitled to the wages he is seeking" and that "he had a contractual expectation to the unpaid wages he is seeking." (Doc. 34 at 6:5-9.) However, as noted above, the Complaint does not identify any alleged agreement to payment or any term of any agreement that would entitle Hill to the commissions and bonus he seeks.

FP 36552526.2

Moreover, the question is not whether Hill believed he was entitled to compensation above and beyond his salary, but rather whether he **reasonably** expected such compensation, and if such compensation is compensable under A.R.S. § 23-350, *et seq. See Apache E., Inc. v. Wiegand*, 119 Ariz. 308, 311, 580 P.2d 769, 772 (App. 1978) (employee must have a reasonable expectation to be paid in order to be entitled to compensation for purposes of A.R.S. § 23-350, *et seq.*); *Schade v. Dietrich*, 158 Ariz. 1, 13, 760 P.2d 1050, 1062 (1988) (a reasonable expectation of payment for purposes of A.R.S. § 23-350, *et seq.* can be shown by a "specific promise" for such payment.). Plaintiff offers no reason why his Unpaid Wages claim can survive even though Plaintiff has not so much as pled that he was made a specific promise for payment of the amounts he is seeking. And despite offering new allegations in the Response, Plaintiffs still fail to set forth the details of any alleged promise regarding payment, such as percentages or amounts purportedly promised.

Accordingly, Plaintiffs' Unpaid Wages claim should be dismissed with prejudice.

### D.   If The Court Is Disinclined To Dismiss Plaintiffs' Claims, The Court Should Require Plaintiffs To Replead And Clarify Them.

Under Fed. R. Civ. P. 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e) is closely tied to Fed. R. Civ. P. 8(a)(2), which requires a party to plead a short and plain statement of the claim showing that the pleader is entitled to relief. Pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Civ. P. 8(a)(2). Here, although Defendants have already answered Plaintiffs' Complaint with general denials they are nevertheless entitled to short, plain statements that provide fair notice of the grounds on which Plaintiff's claims rest.

Here, Plaintiffs' claims do not meet the requirements of Rules 12(c) and 8(a)(2) of the Federal Rules of Civil Procedure. The claims merely contain legal conclusions masquerading as allegations of fact. Accordingly, if the Court denies Defendants' 12(b)(6) motion to dismiss, Defendants request that Plaintiffs be required to replead their causes of

**FISHER & PHILLIPS LLP**
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

9

action for unpaid wages (Count One), breach of contract (Count Two), breach of the covenant of good faith and fair dealing (Count Three) and unjust enrichment/*quantum meruit* (Count Four).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' entire Complaint. In the alternative, Defendants' respectfully request that the Court order Plaintiffs to replead their causes of action with sufficient specificity to place Defendants on adequate notice of their claims.

DATED this 21st day of November 2019.

FISHER & PHILLIPS LLP

By   /s/  Lori A. Guner
    Shayna H. Balch
    Lori A. Guner
    3200 N. Central Avenue, Suite 1550
    Phoenix, Arizona 85012-2487
    Attorneys for Defendants/Counterclaimant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 36552526.2

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Amy M. Wilkins
Adam P. Boyd
The Wilkins Law Firm, PLLC
3300 N. Central Avenue, Suite 2600
Phoenix, Arizona 85012
Attorneys for Plaintiff

Elliot S. Isaac
Elliot S. Isaac, PC
14820 North Cave Creek Road, #3
Phoenix, Arizona 85032
Attorney for Plaintiff


  /s/  Michelle C. Colwell

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

11

FP 36552526.2