**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen A. Hill, | No. CV-19-04930-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| HD Supply Management, Inc., et al., | |
| Defendants. | |

Before the Court is Defendants HD Supply Management, Inc. and HD Supply Facilities Maintenance, Ltd.'s (collectively "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") (Doc. 29), which is fully briefed. For the reasons that follow, the motion will be granted without prejudice.[1]

### I. Background

Plaintiff Stephen Hill ("Hill") initiated this action on July 29, 2019 in state court (Doc. 1-3) and Defendants removed it to federal court on August 9, 2019 (Doc. 1). In his second amended complaint (the "SAC), which is the operative complaint in this case and was filed on October 2, 2019, Plaintiff alleges that he was employed by Defendants from July 2017 through April 2019 as an area sales manager. (Doc. 28 at 2, ¶ 6) Hill alleges that he was entitled to payment of a yearly salary of $91,468.50, plus a yearly bonus and

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See L.R. Civ. 7.2(f); Fed. R. Civ. P. 78(b); Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998).

monthly commissions based on performance. (Doc. 28 at 2, ¶ 8) Hill further alleges that, at the time of termination, Defendants owed him $52,359.17 in unpaid yearly bonus (Doc. 28 at 2, ¶ 10) but only paid him $18,974.63 after unilaterally modifying the terms of his employment contract, including the commissions structure. (Doc. 28 at 2, ¶11) Hill also alleges that he was owed commissions for the month of February 2019 in the amount of $3,500. (Doc. 28 at 2, ¶ 15) Accordingly, Hill alleges that Defendants owe him $33,384.54 in unpaid bonus and $3,500 in unpaid commissions. The SAC contains four counts: (1) unpaid wages under Arizona Revised Statutes ("A.R.S.") § 23-350; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; and (4) unjust enrichment/quantum meruit. (Doc. 28 at 3–4) Defendants filed the Motion on October 16, 2019. (Doc. 29)

## II. Standard of Review

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Also, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires

a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and must accept all well-pleaded factual allegations as true. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012); *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Analysis

#### A. Breach of Contract and Covenant of Good Faith and Fair Dealing

On the face of the SAC, Plaintiff's claims appear to be based on a "contractual relationship" and "contractual expectation" for his bonus and commissions (Doc. 28 at 2, ¶¶ 7, 9) but the SAC does not set forth any contractual term which would have given rise to the causes of action. Instead, Plaintiff recites allegations that he had a contractual expectation for his bonus and commissions and that the Defendants unilaterally modified the commissions structure to deprive him of what he had earned. (Doc. 28 at 2) This is not sufficient under federal pleading standards. Although it is true that the federal rules do not require attaching a contract or agreement to the complaint when alleging breach of contract or other claims based on the terms of such contract, it can, and is usually helpful to do so. Plaintiff clarifies in his response to the Motion that "he took the job with the understanding he would be paid based on meeting sales goal," he based his allegations on his "history of receiving monthly bonuses and commissions," and in a footnote mentions that he could "plead these facts if necessary in an amended complaint." (Doc. 34 at 2, fn.1) Furthermore,

Plaintiff states, for the first time, that he "has not alleged the existence of a written contract, [but] has alleged that an implied-in-fact contract existed with Defendants as part of his employment" which covered his claims. (Doc. 34 at 2) This is a new allegation. Nowhere in the SAC can the Court find a mention of a quasi- or implied-in-fact contract. The vague allegation of a "contractual expectation" and that the nature of the parties' relationship was "contractual in nature" is insufficient for the Court to decipher that the claims sounded in equity. In this respect, the SAC is grossly deficient under the relevant pleading standard. Plaintiff cannot save the SAC from dismissal by adding factual allegations in his response, those allegations should be contained in the SAC. Indeed, the Court is bound to looking at the four corners of the complaint when deciding a motion to dismiss under 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

Plaintiff bears the burden to establish three elements for a breach of contract claim: (1) the existence of a valid contract; (2) a breach; and (3) damages. *Graham v. Ashbury*, 112 Ariz. 184, 185 (1975). Additionally, Plaintiff must make a showing that there was "an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved are ascertainable." *KnightBrook Ins. Co. v. Payless Car Rental Sys., Inc.*, 43 F. Supp. 3d 965, 974 (D. Ariz. 2014) (internal quotations omitted), *overruled on other grounds*. Plaintiff alleges that he had an expectation of a bonus and commissions but does not offer any other factual support for the formation of a contract or any of its terms. To be clear, Plaintiff's SAC does not need "detailed factual allegations" but the SAC in this case does nothing more than list allegations of the "the-defendant-harmed-me" type regarding the breach of contract claim. It might be that once Plaintiff amends his complaint to clearly set forth the factual support for his claim that he is seeking recovery in quasi-contract and equity then he will have actually stated a claim upon which relief can be granted under an implied-in-fact contract. The SAC fails to do so because it offers no allegations of what representations and course of conduct specifically gave rise to his "contractual expectation" to receive more money and how a quasi-contract could exist in this case.

Similarly, without a valid contract, written or implied-in-fact, there can be no claim for a breach of the covenant of good faith and fair dealing. Indeed, such claim is derivative of the existence and breach of a contract and cannot stand on its own. *See, e.g.*, *Schwartz v. Chase Home Fin., LLC*, 2010 WL 5151326, at *1 (D. Ariz. Dec 13, 2010). As discussed above, the SAC is deficient on the breach of contract claim and derivatively fails on the breach of the covenant of good faith and fair dealing. Plaintiff argues in his response to the Motion that such covenant can exist on its own if the conduct giving rise to the claim is one other than the termination of the contract. (Doc. 34 at 4) Plaintiff further argues that he properly alleged such claim here because it is not the termination of his employment but instead the unilateral modifications of the bonus structure that gives rise to the breach of the covenant. (Doc. 34 at 4) This again might be true but there still must be some allegations in the complaint regarding the alleged bonus expectation from plaintiff and also how the alleged compensation structure was changed. As discussed above, the SAC falls short on this issue. The SAC does not offer more than a conclusory statement that Plaintiff expected a bonus and commissions and that Defendants changed the structure without explaining at all the basis for such allegations. Accordingly, the Court will grant Defendants' Motion to Dismiss on Count 2 and 3 of the SAC.

### B. Unpaid Wages

Plaintiff alleges that "the wages owed to [him] are wages under A.R.S. § 23-350" and that there is no "good faith reason for Defendants to withhold such wages." (Doc. 28 at 3, ¶¶ 17, 18) The SAC contains not other allegations or statement supporting such claim. In Arizona, wages are defined are "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation." A.R.S. § 23-350(7). The only allegation supporting Plaintiff's reasonable expectation for the bonus and the commissions is that he had a contractual expectation. He also responds that whether his expectation was reasonable is a question of fact the Court cannot resolve at this stage of the case. (Doc. 34 at 6) Indeed,

the reasonableness of such expectation is a question for the trier of fact. This does not change the fact that the first hurdle for this count, like counts 2 and 3 of the SAC, still is that the "contractual expectation" Plaintiff allegedly had is plead so poorly that his claim for unpaid wages must be dismissed. Without any factual basis offered in the SAC for his "contractual expectation," this claim fails as a matter of law. Accordingly, the Court will grant Defendants' Motion to Dismiss on Count I of the SAC.

### C. Unjust Enrichment/Quantum Meruit

The only allegations related to this Count are that "Defendants, by their conduct, as alleged herein, have been unjustly enriched at the expense of [Plaintiff]." (Doc. 28 at 4, ¶ 32) In Arizona, a claim for unjust enrichment requires proving that there was "(1) an enrichment, (2) an impoverishment, (3) a connection between the [two], (4) the absence of a justification for the [two], and (5) the absence of a remedy provided at law." *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318 (Ct. App. 2012). Although Plaintiff does not have to prove the elements with his complaint, he must still present factual allegations which, if taken as true, could support such a claim. Plaintiff's barebones allegations fail to meet such standard. Indeed, all Plaintiff alleges in the SAC is his "contractual expectation" of a specific amount of bonus and commissions and the conclusory statement that Defendants were unjustly enriched. This is nothing more than a legal conclusion disguised as a factual allegation and it not enough under *Iqbal* and *Twombly*. Accordingly, the Court will grant Defendants' Motion to Dismiss on Count 4 of the SAC.

Although the Court will grant Defendants' Motion to Dismiss entirely, it will do so without prejudice to the filing of a third amended complaint. It is possible that Plaintiff can plead enough facts to advance to the next stage of the case although the SAC fails to do so now. The Court, however, will not grant any further leave to amend the complaint.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 29) is **granted in full**. The Second Amended Complaint is **dismissed without prejudice** in its entirety.

**IT IS FURTHER ORDERED** that the Court grants Plaintiff leave to amend the complaint and no further leave will be granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **April 21, 2020** to file an amended complaint in compliance with this order.

Dated this 7th day of April, 2020.

Honorable Steven P. Logan
United States District Judge